UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALAN FIZER,

                Plaintiff,                        No. 14-cv-10786

vs.                                        Hon. Gerald E. Rosen

BURTON POLICE DEPARTMENT
and SMITTY'S TOWING,

                Defendants.

_____/

OPINION AND ORDER DISMISSING
DEFENDANT BURTON POLICE DEPARTMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on  June 16, 2014

PRESENT:  Honorable Gerald E. Rosen
                      United States District Chief Judge

This Section 1983 action is presently before the Court on the Fed. R. Civ. P.

12(b)(6) motion filed by Defendant Burton Police Department in lieu of an Answer to

Plaintiff's Complaint on April 29, 2014 [Dkt. # 4].  Plaintiff has not responded to

Defendant's Motion and the time for doing so has now expired.  Nonetheless, having

reviewed and considered Plaintiff's Complaint, the other State Court records appended to

the Notice of Removal, Defendant's Motion and the entire record of this matter, the

Court has determined that the relevant allegations, facts and legal arguments are

1

adequately presented in these pleadings and documents, and that oral argument would not aid the decisional process. Therefore, the Court will dispense with a hearing and will decide this matter "on the briefs." *See* Eastern District of Michigan Local Rule 7.1(f)(2). This Opinion and Order sets forth the Court's ruling.

## FACTUAL BACKGROUND

According to the pleadings and documents of record in this matter, Plaintiff Kenneth Alan Fizer, a felony parolee,[1] was arrested on December 23, 2012 on charges of flight to evade prosecution - fleeing/eluding and resisting an officer arising out of a larceny at a Walmart store on East Court Street in Burton, Michigan, allegedly committed by Fizer's companion, Terry Clements. According to the police report of the arrest, Clements stole several bottles of liquor from the Walmart store then fled the business without paying in a black 2002 Buick Regal driven by Fizer. The Burton Police were alerted and a squad car pursued Fizer, but despite the activation of the police cruiser's overhead lights and siren, Fizer failed to stop, running several red lights and colliding with a police car as he fled. His vehicle finally stopped after Michigan State troopers joined the pursuit and were able to place stop sticks in Fizer's path which deflated both driver's side tires. After Fizer was arrested, his car was impounded to Smitty's Towing

---

[1] Fizer told officers at the time of his arrest that he had just been released from prison four months earlier and was on parole for robbing a bank. The Michigan Offender Tracking Information System (OTIS) confirms this and shows that Fizer was paroled from a 2005 sentence for a bank robbery he committed in November 2004. *See* Offender Tracking Information System (OTIS) at http://mdocweb.state.mi.us/otis2/.

and logged as "Held for Safe Keeping" - Not Stolen or Recovered. Although he was arrested and lodged at the Genesee County Jail on the charges for a short time, it does not appear that the arrest had any impact on Fizer's parole status as Fizer remains an MDOC parolee. *See* Offender Tracking Information System (OTIS) at http://mdocweb.state.mi.us/otis2/.

The State Court records appended to the Notice of Removal indicate that sometime during the month following Fizer's arrest, the Burton Police Department notified the Michigan Secretary of State through LEIN of the apparent abandonment of the 2002 Buick Regal. On January 17, 2013, the Michigan Secretary of State sent an "abandoned vehicle" notice to Fizer at the Flint, Michigan address that was indicated on the vehicle's registration, notifying him that he had 20 days to request a hearing in the 67th District Court to contest whether his car had been properly deemed abandoned or whether the towing and storage fees that had incurred (which Fizer had not paid and would have to pay to retrieve the car) were reasonable.[2]  Not having received any response to the abandoned vehicle notice, on February 8, 2013, Fizer's car was scrapped. *See* Notice of Removal, Dkt. # 1, Pg. ID 35, printout from Michigan Auto Lost & Found website, http://services.sos.state.mi/ autolostandfound /Locator.aspx.

---

[2]  Fizer does not affirmatively say that he did not receive this notice; rather he complains only that he "was not duly notified that his vehicle was subject[] to being destroyed" and that some months later he "ascertained that Defendant's [sic] did not use protocol by properly notifying and sending certification of the status of [the] vehicle." Compl., ¶¶ 5, 8.

On January 15, 2014, nearly a year after his car was scrapped, Fizer filed the instant Complaint in Michigan's 67th District Court, claiming that the Burton Police Department, by not using proper protocol in notifying him that his impounded car would be subject to destruction, and Smitty's Towing, by not ascertaining the status of the vehicle and erroneously and prematurely destroying it, deprived him of his car and the property within the car in violation of 14th Amendment right to due process.

## DISCUSSION

A. APPLICABLE STANDARDS

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ."  In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007).  Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and

citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual

allegations, accepted as true, "must be enough to raise a right to relief above the

speculative level," and "state a claim to relief that is plausible on its face." *Twombly,* 550

U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at

1949. The plausibility standard, however, "asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely

consistent with' a defendant' liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct.

1955). Applying the foregoing standards, the Court concludes that Defendant's Motion to

Dismiss in this case should be granted.

B.  THE BURTON POLICE DEPARTMENT IS NOT A PROPER DEFENDANT

In his Complaint, Plaintiff makes no claim against the City of Burton, Michigan.

Rather, he names only the Burton Police Department as a defendant. However, under

Michigan law, a municipal police department is merely a creature of the municipality,

and, as such, it cannot be sued independently. *See* M.C.L. 92.1.[3] However, the Sixth

---

[3] The Michigan statute provides in pertinent part:

The council of any city may provide, by ordinance, for a police force and for the
appointment by the mayor of such number of policemen and nightwatchmen as
they may think necessary for the good government of the city and the protection of

Circuit has held that "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994) (citing *Moomey v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980). *Haverstick* involved a suit against the City of Romulus and its police department for federal constitutional violations under § 1983. The Court noted that under Michigan law, a municipal police department is a creature of the municipality, and that the police department cannot be sued independently. Therefore, the *Haverstick* court dismissed the plaintiffs' claims against the police department at the outset of its decision. In the case at bar, this Court, therefore, determines that the Defendant Department is not amenable to suit under Plaintiff's § 1983 claim. *See also Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich.1997) (noting that a city police department is merely an agency of the city, and therefore is not a proper defendant in a § 1983 lawsuit).

As indicated, Plaintiff here has not alleged any claim against the City of Burton. However, even if the Court construes Plaintiff's complaint as asserting a claim against

---

the persons and property of the inhabitants  . . .

M.C.L. § 92.1.

6

the City, a municipality can be liable under § 1983 only if the municipality itself caused the constitutional deprivation, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018(1978); it cannot be held liable for the acts of its police department on the basis of *respondeat superior. See id*. Plaintiff would have to show a specific "policy, statement, ordinance, regulation or decision, officially adopted and promulgated by the [city council]. . . . [or a] constitutional deprivation[] visited pursuant to governmental 'customs' even though such a custom has not received formal approval through the body's official decision-making channels." *Id.* A mere isolated unconstitutional act cannot establish *Monell* liability absent proof of some policy or custom that can be attributed to an official policymaker. *Oklahoma City v. Tuttle*, 47 U.S. 808, 823-24, 105 S.Ct. 2427 (1985). No such policy or custom was raised as an issue in Plaintiff's Complaint.

Furthermore, for a municipality to be liable under Section 1983, the local government policy or custom "must be the moving force of the constitutional violation." *Monell* at 690-95. To satisfy the *Monell* requirements, a plaintiff must identify the policy, connect the policy to the municipality itself, and show that the particular injury was incurred because of the execution of that policy. *See Garner v, Memphis Police Dep't*, 8 F.3d 358, 365 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994). Plaintiff here has alleged no such nexus let alone made such a showing. In fact, Plaintiff's claim that his car was "*erroneously* destroy[ed]" by Smitty's Towing belies any showing that the

7

vehicle was destroyed because of the execution of an unconstitutional municipal *policy*.

For the foregoing reasons, the Court will grant Defendant Police Department's Motion to Dismiss and dismiss Plaintiff's claims against it, with prejudice.[4]

CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Burton Police Department's Motion to Dismiss **[Dlt. # 4]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against the Defendant Department are DISMISSED, with prejudice.

There is no indication in the record that Defendant Smitty's Towing has ever answered Plaintiff's Complaint, and to the extent that this defendant has yet to be served with process and the summons issued upon the filing of Plaintiff's Complaint has long expired.  Therefore,

IT IS FURTHER ORDERED that within 14 days of the date of this Order, Plaintiff shall SHOW CAUSE in writing why Smitty's Towing should not be dismissed

---

[4] It is this Court's general practice to provide plaintiffs with an opportunity to amend their complaints when faced with a dismissal that is readily curable because slight defects should not condemn an otherwise viable complaint.  This practice need not be followed here, however, because the defect noted is not a slight one.  Here, there is no allegation of municipal policy or custom let alone one that could conceivably have been the moving force behind Smitty Towing's destruction of Plaintiff's car.  Hence, any amendment would be futile.  *See, e.g., Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

from this action due to lack of prosecution.  *See* Fed. R. Civ. P. 4(m).


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  June 16, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

9